HALL, Judge.
In this child custody proceeding, the district court ordered custody of the two boys, ages six and four, changed from the mother to the father, and the mother appealed.
The mother and father separated in June 1982. A judgment of separation was granted in August and, after a trial on the child custody issue, custody was awarded to the mother in October. On the father’s petition, specific visitation rights were set forth in a judgment rendered in January 1983. In May the mother petitioned for a final divorce and custody, and the father reconvened for custody, alleging the mother’s moral unfitness because she was living in open concubinage with her boyfriend. After trial in August 1983, the district court found that the boyfriend frequently stayed overnight with the mother in the presence of the children. Noting that the question of her moral fitness had been at issue in the first custody trial and was closely resolved in her favor at that time, the court concluded that the mother’s behavior appeared to be of a continuing nature and it was not in the best interest of the children for her to retain custody.
On appeal, the mother argues that the evidence was insufficient to prove sexual impropriety in the presence of the children, that there was no showing of conduct detrimental to the children, that the mother was otherwise shown to be a good and caring mother, and that it is not in the best interest of the children to remove them from the custody of their mother who has been the primary nurturing parent all of their lives and under whose care they have thrived and done well.
Although the mother and her boyfriend denied that he ever stayed at her home overnight when the children were at home, private detectives hired by the father testified that the boyfriend spent the night at her home on the four separate random occasions when they watched the home, and that the children were present on those occasions. The mother admitted that they slept together on occasion when the children weren’t home, and that they all slept together in one motel room while on a trip to Florida and then to Texas. The testimony of a child psychologist indicates the children’s awareness of the relationship between the mother and her boyfriend. There is substantial evidence to support the trial court’s factual finding that the boyfriend was staying with the mother “very frequently”, and that “the relationship was sufficient ... to have an improper effect upon the children and demonstrate the character and attitudes of the mother toward the ultimate stability of the children.”
Accepting these factual findings, and agreeing that the mother’s conduct may have a detrimental effect on the children even though they are now very young, it remains an extremely close decision on whether the proven indiscretions establish that a change in custody would be in the best interest of the small children.
According to the evidence, the mother is in all other respects a good, caring and loving mother. The children have been with her from the time the parties separated more than a year prior to the trial of this matter, and they are doing well. She has regular employment and earns a good salary to help support herself and the two children. She seldom leaves them other than to work, takes them to church, and *826 encourages and supports the older son's activities in kindergarten, ball games, and other activities in which he has done well. She has moved from the small rural community where she and her boyfriend lived to a nice home in Shreveport where her employment is located, and has terminated her relationship with the boyfriend.
Also, according to the evidence, the father is a good man, regularly employed, and living with his parents in Shreveport at the time of trial. He testified that he would get a home near his parents, who are available to help with the children, if awarded custody. He has exercised his visitation rights with the children. However, in comments to the mother which she secretly recorded, he remarked that he was not really in a position to raise the children and that she could do a better job.
The standard of appellate review of a custody judgment is that great weight is given to the trial court’s decision which will not be overturned in the absence of a clear showing of an abuse of discretion. Because each custody case involves peculiar relationships between the parents and children, each case must be determined on its own facts and circumstances. See and compare Stewart v. Stewart, 430 So.2d 189 (La.App.2d Cir.1983) and the cases cited therein.
In this case the trial court heard and viewed these parties, their families, and witnesses over a period of several days in two trials which took place about a year apart. Unquestionably, the trial court is in the better position to evaluate the circumstances and the best interest of these children. Applying the standard of appellate review stated above to this very close case, we find no clear abuse of discretion and affirm the judgment of the trial court changing custody.
As an alternative contention, the mother asserts in her appellate brief that joint custody should be awarded under LSA-C.C. Arts. 157 and 146, as amended in 1982 and 1983. This custody proceeding was tried in August 1983, after the effective date of the 1982 amendments to Articles 146 and 157, but prior to the effective date of the 1983 amendment to Article 146. However, the issue of joint custody was not posed by the pleadings or considered in any manner at trial or in the trial court’s decision. Joint custody should have been considered under the express mandate of Article 157 that in all cases of change of custody, custody shall be granted to the parents in accordance with Article 146, which, in turn, establishes joint custody as the first preference in the best interest of the children and sets forth certain procedures and criteria for determining custody.
We do not regard the failure to follow the requirements and guidelines of Articles 146 and 157 as requiring reversal of the judgment rendered or a remand to the district court in this case because, at this point in time after trial, decision and appeal, it would not be in the interest of the children to prolong this litigation. However, any future proceedings brought to change or modify the custody award should be considered in accordance with the provisions of Articles 146 and 157 and the present judgment should not be regarded as precluding in any way a proper consideration of the joint custody provisions of those articles.
The judgment of the district court is affirmed at appellant’s costs.
Affirmed.